## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RICHARD CLAYTON DELL** | \* | **CIVIL ACTION** |
| | \* | |
| | \* | |
| | \* | **CASE NO.** |
| **vs.** | \* | |
| | \* | **SECT.** |
| | \* | |
| | \* | **MAGISTRATE** |
| **CANADIAN NATIONAL RAILWAY** | \* | |
| **COMPANY and ILLINOIS CENTRAL** | \* | |
| **RAILROAD  COMPANY** | \* | |
| | \* | **JURY TRIAL DEMANDED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Richard Clayton Dell ("Plaintiff" or "Dell"), through undersigned counsel, hereby submits the following complaint against the Canadian National Railway Company and Illinois Central Railroad Company (collectively referred to as "CN/IC") pursuant to §20109 of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109, for the reasons set forth below:

**Parties**

1.    Plaintiff, Richard Clayton Dell, is a resident of the State of Missouri and resides in St. Louis, Missouri.

2.    Defendant, Canadian National Railway Company (hereinafter "Defendant" or "CN") is a Canadian corporation with its principal place of business in Montreal, Quebec, Canada.

3.    Defendant, Illinois Central Railroad Company (hereinafter "Defendant" or "IC"), is an Illinois corporation, with its principal place of business in Homewood, IL.

3.    Defendants are and have been doing business, and have committed acts and caused damages, in this judicial district at all times relevant hereto.

1

**Jurisdiction and Venue**

4.      This Court has original jurisdiction pursuant to 49 U.S.C. §20109(d)(3) because a complaint was timely filed with the Secretary of Labor within 180 days of the adverse action that is at issue herein, the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and the delay was not due to the bad faith of Plaintiff.

5.      Furthermore, this is an action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. Accordingly, subject matter jurisdiction herein is also based upon 28 U.S.C. §1332.

6.      Venue is proper in this judicial district pursuant to 29 U.S.C. §2617, and 28 U.S.C. §1391(b) and (c) because Defendant is doing business and "resides" in this judicial district as defined by 28 U.S.C. §1391(c), a substantial part of the events or omissions giving rise to this claim occurred in this district and Defendants have violated Federal laws in this district.

**FACTS**

7.      On or around May 14, 2018, Mr. Dell was hired as a Trainman by the Canadian National Railway and the Illinois Central Railroad Company ("CN/IC"), and was based in Geismer, Louisiana.

8.      Sometime in June 2018, while training in Homewood, Illinois, his instructors were demonstrating how to mount and dismount moving equipment. As he was dismounting, he stepped awkwardly and injured his right knee ("first injury"). He did not report the first injury at the time believing it to be minor inconsequential.

9.      On or around July 23, 2018, Mr. Dell was working as a trainee with conductor Kirk Richard in Geismer, LA. When disembarking a railcar, he stepped on some debris and injured his

left Achilles tendon ("the second injury"). Again, he elected not to report the second injury due to the well-known CN/IC practice of terminating injured employees. Several fellow employees had also warned Mr. Dell that if he reported an injury, he would certainly be fired.

10.     On around August 26, 2018, Complainant re-injured the Achilles tendon ("the third injury") when disembarking a locomotive in Baton Rouge, LA. He initially did not report this injury that day either for fear of termination or other retaliation.

11.     On the evening of August 28, 2018, Mr. Dell telephoned his trainee coordinator, Terrence Dawson, to report the third injury and requested the night off due to extreme pain and difficulty walking. Mr. Dell was literally hobbling on both legs due to his knee and Achilles tendon injuries. Mr. Dawson honored his request, but indicated that in order to insulate himself from management retribution, he would report the injury to a manager. Mr. Dawson also told Plaintiff that he had been hearing "complaints" that Mr. Dell "wasn't keeping up."

12.     On August 29, 2018, Mr. Dawson instructed Plaintiff to report to Geismar, Louisiana the next day, August 30, 2018, to meet with trainmaster Jared King. As soon as the meeting began, Mr. King immediately informed Mr. Dell that he was being terminated because he was unable to perform his job duties. Mr. King then presented Mr. Dell with a termination letter, which he demanded Mr. Dell to sign. The letter merely provided that "your application for employment as Trainman has been disapproved effective immediately. Your employment relationship with the Company is therefore terminated." Exhibit 1.

13.     The letter cited no performance-related basis or other justification for the sudden termination. Mr. Dell refused to sign the letter and explained that he was physically impaired due to his workplace injuries, as reported to Terrence Dawson.

14.    Mr. Dell informed Mr. King that until August 28, 2018, he had not reported his injuries for fear of being terminated. And, as Mr. Dell had feared, as soon as he reported his injuries, he was immediately and summarily discharged.

15.    After receiving the termination letter, Mr. Dell asked to submit an injury report at which time he was asked to leave the room while Mr. King consulted with CN/IC's legal department. Shortly thereafter, a representative from Risk Management, Vincent Staten, appeared and obtained Mr. Dell's recorded statement. Mr. Staten also suggested that Mr. Dell include the knee injury in the accident report.

16.    Mr. Dell was then ordered to return to Mr. King's office who again asked Complainant to sign the termination letter. Mr. Dell again refused and stated that he would prefer to wait until an investigation of the accident report was concluded. Mr. King immediately advised that regardless of the outcome, Complainant would not be returning. A few days later, Complainant received the termination letter via certified mail. Exhibit 1.

17.    After his termination, Mr. Dell was diagnosed as having a significant tear of the Achilles tendon, which was surgically repaired by Dr. Brett Chiasson in Hammond, Louisiana on September 20, 2018.

18.    Since his termination, the knee injury has worsened and is causing unbearable pain. However, because of his unlawful termination, Complainant's medical insurance was cancelled shortly after the tendon surgery and, therefore, he could not afford further medical treatment for the knee injury.

19.    Moreover, had CN/IC not improperly terminated Mr. Dell for reporting an injury, he would have been covered by a disability policy and he would have insurance that would have

covered any necessary medical treatment for his debilitating knee injury. Instead, he has been forced to endure the pain, disability and discomfort caused by the injured knee.

20.     CN/IC did not even attempt to offer a pretext as to why it terminated Mr. Dell.  By terminating Plaintiff because he was no longer able to adequately perform his job duties after sustaining a debilitating Achilles tendon injury is an express admission that CN/IC terminated Mr. Dell for engaging in protected activity.

21.     Even if CN/IC somehow eventually concocts a pretext, such fact does not shield it from the mandates of the FRSA since according to established jurisprudence, even if a pretext is true, an employee will still prevail if the pretext was only one of the reasons for the adverse action and another reason is the employee's protected activity. As clearly indicated above, in spite of any purported pretext that CN/IC later proffers, the underlying reason for the sudden and baseless termination was Complainant's protected activity of reporting an injury.

22.     On February 18, 2019, Plaintiff timely filed a whistleblower complaint with the U.S. Department of Labor-OSHA.

23.     The OSHA investigator erroneously dismissed the complaint on March 14, 2019 and Plaintiff timely filed objections and a request for hearing with the Office of Administrative Law Judges on April 4, 2019.

24.     The Secretary of Labor has yet to issue a final decision with respect to the complaint, and Plaintiff is therefore exercising his right to proceed in a district court of the United States pursuant to the "kick out" provision of the FRSA, 49 U.S.C. 20109(d)(3).

## VIOLATIONS AND RELIEF SOUGHT

25.     Section 20109 of the Federal Rail Safety Act, 49 U.S.C. §20109, provides that a railroad

engaged in interstate commerce (such as CN/IC) shall not, among other things, reprimand,

punish, or discharge an employee for reporting to a supervisor that he suffered a work-related

injury, or for following the orders of a treating physician because of the work-related injury.

26.    CN/IC retaliated against Mr. Dell by subjecting him to disparate treatment and summarily

firing him, all in response to his engaging in protected activity, in clear violation of 49 U.S.C.

§20109.

27.    The excuse for firing Mr. Dell proffered by CN/IC, i.e., that he could no longer

his duties, is clearly retaliatory, particularly considering that the reason he could not fully

perform his duties is because he suffered a workplace injury.

28.    Having known of his injuries as clearly evidenced by the above-stated facts and

documents attached hereto, CN/IC knew that Mr. Dell engaged in activity that was protected

under Section 20109.

29.    CN/IC's decision to terminate Mr. Dell was motivated by its longstanding policy and

history of retaliating against employees who report workplace injuries.

30.    CN/IC's proffered reason for termination, i.e., that he could not perform his job duties, is

clearly retaliatory as evidenced by the temporal proximity between Mr. Dell's first report of the

injury to Mr. Dawson on August 28, 2018 and his subsequent termination a mere two days later

on August 30, 2018.

31.    CN/IC's retaliatory motivation is also exhibited by other employees' expressed fears of

being terminated if they were to report an injury.

32.    Even if a pretext eventually proffered by Defendants were true, it is only one of

reasons for its adverse action when the obvious, superseding, overriding reason was that

Complainant engaged in the protected activity of reporting a workplace injury, which is a violation of 49 U.S.C. §20109.

33.    Unless this Court stops Defendants' improper, outrageous and habitual pattern of firing employees, such as Mr. Dell, who engage in the protected activity of reporting job-related injuries, Defendants will have succeeded with intimidating employees from reporting such injuries.

34.    As a result of the Defendants' unlawful activity, Mr. Dell is entitled to all "make whole" relief pursuant to 49 U.S.C. 20109 (e) including reinstatement with the same seniority status and benefits he had prior to the discriminatory termination, expungement of his disciplinary record, back pay with interest, compensatory damages and economic loss, compensation for any special damages sustained as a result of the discrimination, litigation costs, expert witness fees, unlimited damages for emotional distress and reasonable attorney fees. Moreover, CN/IC should be subjected to a hefty sanction of punitive damages of up to $250,000 under 49 §20109 (e)(3) to deter it from continuing to engage in the outrageous practice of firing employees who report workplace injuries.

35.    Plaintiff hereby demands a trial by jury according to Fed. Rule Civ. Pro. 38.

WHEREFORE, Plaintiff, Richard Clayton Dell, prays for entry of judgment against Defendants for all damages and equitable relief to which Plaintiff may be entitled, including:

A. reinstatement with the same seniority status and benefits he had prior to the discriminatory termination;

B. expungement of his disciplinary record;

C. back pay with interest;

D. compensatory damages and economic loss;

E. special damages sustained as a result of the discrimination;

F. all litigation costs and expert witness fees;

G. unlimited damages for emotional distress;

H. punitive damages of up to $250,000 under 49 §20109 (e)(3) to deter CN/IC from continuing to engage in the outrageous practice of firing employees who report workplace injuries;

I. all attorneys' fees and costs incurred in prosecuting this action.

RESPECTFULLY SUBMITTED,

 /s/ kenneth l. tolar
Kenneth L. Tolar (LA Bar #22641)
Tolar Harrigan & Morris LLC
1055 St. Charles Avenue
Suite 208
New Orleans, LA 70130
(504) 571-5317
(504) 571-5437 (facsimile)
Email:ktolar@nolaipa.com

and

Blake G. Arata, Jr.
ROME, ARATA, BAXLEY & STELLY, LLC
650 Poydras Street, Suite 2017
New Orleans, LA 70130
(504) 522-9980
(504) 522-9971 (facsimile)
Email:barata@romearata.com

**Attorneys for Plaintiff, Richard C. Dell**

8